

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GROVER SELLERS

ATTORNEY GENERAL

Honorable J. E. McDonald, Commissioner
Department of Agriculture
Austin, Texas

Dear Sir:

Opinion No. O-5925
Re: Authority of Department of
Agriculture to purchase
automobiles with the funds
appropriated in Item 97 of
the appropriation to the
Department of Agriculture,
H.B. 332, Acts of the 48th
Legislature, R.S.

     Your opinion request of March 9, 1944, reads in part as follows:

    "Item #97 of House Bill #332, Acts of the Regular Session of the 48th Legislature, being part of the departmental appropriation bill reads as follows:

|  | | For the Years | |
|---|---|---|---|
|  | | Beginning | Ending |
|  | | September 1, 1944 | August 31, 1945. |
| 97. | Equipment, Supplies, Repairs to | | |
|  | Equipment | $4,000.00 | $4,000.00 |

    "Please advise this department if I would be within the law in purchasing automobiles and encumbering same against the above named appropriation.

    "For your information, automobiles purchased out of this appropriation, for the Division of Weights & Measures, are used in transporting weighing and measuring devices, for the purpose of testing scales and pumps throughout Texas and are not

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable J. E. McDonald, Page 2

considered as being used for the purpose of
transportation by inspectors in their routine
duties as in other phases of our work. In
many instances special equipment has to be
added and reinforcement provided in order that
this equipment can be handled safely . . . ."

In our Opinion No. 0-2669 we ruled that the 46th
Legislature intended that automobiles be purchased and paid
for out of the appropriation for traveling expenses. In
the appropriation bill there under consideration, the follow-
ing provision was contained under the heading "Traveling Ex-
penses":

"No monies herein appropriated shall be
spent for the purchase of a passenger car in ex-
cess of $750.00, including the trade-in value
of a used car, and this limited price shall
cover a car equipped with bumpers and extra
rim or wheel but not an extra casing and tube."

After holding that this provision evidenced a legis-
lative intent that automobiles be purchased from the appropria-
tion for traveling expenses, we mentioned the fact that the
Comptroller's Department had previously held for many years
that, in the absence of a specific appropriation, the purchase
price of automobiles was properly chargeable against the appro-
priation for traveling expenses, and concluded:

"In the absence of such a provision in the
general rider, the question would be more dif-
ficult, but even in that event, it is not clear
that the purchase of an automobile should not be
regarded as an item of 'Traveling Expenses', and
we would therefore be inclined to adopt the con-
struction placed by your department upon the
term 'Traveling Expenses' as used in the Depart-
mental Appropriation Bills over a long period of
years."

The current departmental appropriation bill does not
contain the provision above quoted; consequently, we are con-
fronted with the problem of whether, in the absence of such
provision, expenditures for automobiles remain chargeagle solely

Honorable J. E. McDonald, Page 3

against the appropriation for traveling expenses. The current appropriation is for "Equipment, Supplies, Repairs to Equipment." In the case of Dorsett v. State, 289 Pac. 298, 302, 144 Okla. 33, in considering a statute which authorized the Oklahoma Highway Commission to purchase "equipment", an Oklahoma court held that automobiles are comprehended within the term "equipment" and that automobiles could be purchased under this authorization. It is necessary to ascertain whether our Legislature attached the same broad meaning to the term "equipment" when it employed such term in the appropriation bill, or whether it intended that purchases of all types of automobiles be made solely from the traveling expenses appropriation.

The purpose of the traveling expenses appropriation is, of course, to permit State officials and employees to travel on State business at State expense. Aside from the use of public conveyances, such traveling is accomplished both by the use of private automobiles, with subsequent reimbursement from the State, and by the use of State owned automobiles. In our opinion, the traveling expenses appropriation primarily exists to meet the expense of transporting persons on State business, regardless of whether such transportation is in State owned or in privately owned automobiles. Consequently, when a State department purchases an automobile for the primary purpose of affording transportation to its officials and employees and when no specific appropriation is made for this purpose, we feel that such purchase is chargeable only against the appropriation for traveling expenses. It will be noticed that the rider formerly found in the appropriation bills, quoted above, speaks in terms of the purchase of "passenger cars" rather than in the terms of automobiles generally. This, we feel, lends support to the belief that the traveling expenses appropriation exists primarily to furnish expenses for the transportation of passengers, and that expenditures made primarily for this purpose are cheargeable only against such appropriation.

In the instant situation, however, the automobiles are to be used primarily for the transportation of equipment, and are in some cases to be altered so that they can accomplish this purpose. Presumably they will also be used to transport the persons who operate this equipment, but this,

it appears, is ancillary and subordinate to the transportation of equipment. In cases of this kind, we feel that it was the intention of the Legislature to comprehend such automobiles by the term "equipment", for at the most the automobiles are a part of the equipment, and at the very least they are necessary and indispensable to the proper use of the equipment. Consequently, we feel, and you are respectfully advised, that the purchases in question are not chargeable solely against the traveling expenses appropriation, but that they may in your discretion also be charged against the appropriation for equipment.

Trusting that the foregoing satisfactorily answers your inquiry, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By R. Dean Moorhead
R. Dean Moorhead
Assistant

RDM:ff

